**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VALERIE PEOPLES, as Administratrix of the Estate of Matthew Chelgren, Plaintiff, | ) | CIVIL ACTION NO.3:23-cv-297 |
| v. | ) | **COMPLAINT** |
| PENNSYLVANIA STATE POLICE TROOPER JOHN DOE, Defendant. | ) | JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff, Valerie Peoples, as Administratrix of the Estate of Matthew Chelgren, by and through her attorney, Anthony E. Patterson, Esquire, files this action and in support thereof alleges as follows:

**INTRODUCTION**

1. This Civil Rights Action stems from a Pennsylvania State trooper's unlawful killing of civilian Matthew Chelgren on April 8, 2023. At all times pertinent hereto and averred herein, Defendant John Doe was acting in his individual capacity and under the color of law. Defendant John Doe used unreasonable, excessive, and deadly force against Mr. Chelgren to end a police pursuit by ramming Mr. Chelgren's vehicle off the road. Based on an eyewitness account, Defendant John Doe intentionally and forcibly rammed his police vehicle, a Ford Explorer, into Matthew Chelgren's vehicle, a Toyota 4Runner, forcing Mr. Chelgren's vehicle off the road and into a tree, killing him. According to another witness, one of the troopers at the crash scene stated that Defendant John Doe and other troopers of the Pennsylvania State Police were pursuing Mr. Chelgren "over a license plate issue". The news also reported that "troopers

attempted to stop a black SUV on Windy Hill Road in Penn Township at 11:31 p.m. According to a state police report, Matthew Chelgren, 38, of Grampian, was driving a Toyota 4Runner that did not have a registration." Defendant John's Doe's use of deadly force was excessive and objectively unreasonable. Plaintiff files this Complaint averring various Civil Rights violations and claims for assault and battery and for relief under Pennsylvania's Wrongful Death and Survival Act statutes.

## PARTIES

2. Plaintiff, Valerie Peoples, as Administratrix of the Estate of Matthew Chelgren, is an adult individual and resident of Clearfield County, Pennsylvania. Ms. Peoples was appointed Administratrix of the Estate of Matthew Chelgren via Letters of Administration on May 5, 2023.

3. Defendant, Pennsylvania State Police Trooper John Doe, was at all times pertinent hereto and averred herein acting in his individual capacity and under the color of law, participated in the vehicle pursuit, and unlawfully rammed Mr. Chelgren's vehicle off the roadway, killing him.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a), as certain of Plaintiff's claims arise under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and, thus, this matter falls under the Court's original jurisdiction. Plaintiff's remaining claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution and 28 U.S.C. § 1367(a).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant can be found, resides, works, and/or transacts business in this District.

6. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claim occurred in this District.

**FACTS**

7. On April 8, 2023, troopers from the Pennsylvania State Police engaged in a pursuit of Matthew Chelgren in their police vehicles. Matthew Chelgren was driving a Toyota 4Runner.

8. Based on an eyewitness account at the scene of the crash, a Pennsylvania State Trooper stated that the pursuit was over “a license plate issue”.

9. The news also reported that according to a state police report, Matthew Chelgren, 38, of Grampian, was driving a Toyota 4Runner that did not have a registration.

10. The State Police initially attempted to stop Mr. Chelgren over a minor traffic code violation.

11. When Mr. Chelgren did not pull over, the State Police initiated and engaged in a dangerous pursuit that originated from a minor traffic code violation.

12. The pursuit ended on Harper Mine Road in the proximity of the intersection with E Hepburnia Road in Curwensville, Clearfield County, Pennsylvania, when Defendant John Doe, acting under the color of law, intentionally executed a PIT maneuver and/or forcibly rammed his police vehicle into Matthew Chelgren’s vehicle, forcing Mr. Chelgren’s vehicle off the road and into a tree, killing him.

13. Mr. Chelgren’s motor vehicle was forced off the roadway and struck a tree in the proximity of the front yard of a residence located at 1872 Harper Mine Rd., Curwensville, PA 16833.

14. Mr. Chelgren died at the scene of the crash but did not die immediately and

endured great pain and suffering, fear, and mental anguish before his death.

**DEFENDANT'S UNCONSTITUTIONAL CONDUCT**

15. Defendant John Doe's decision to ram Mr. Chelgren's vehicle off the road was the decision to use deadly force under the facts and circumstances presented to Defendant John Doe.

16. Specifically, Defendant John Doe rammed Mr. Chelgren's vehicle and/or executed a PIT maneuver at a location in the pursuit where it was almost certain that Mr. Chelgren's vehicle would be forced to hit a tree.

17. Defendant John Doe knew he was exercising deadly force when he intentionally rammed Mr. Chelgren's vehicle off the road under the circumstances.

18. Defendant John Doe, in fact, used deadly force in ramming Mr. Chelgren's motor vehicle and/or executing a PIT maneuver to force Mr. Chelgren's motor vehicle off the road.

19. Defendant John Doe used unreasonable force during the pursuit of Mr. Chelgren and, thus, violated Mr. Chelgren's Fourth Amendment rights which is actionable under the Federal Civil Rights Act.

20. It was **not** objectively reasonable for Defendant John Doe to believe, in light of the totality of the circumstances, that deadly force was necessary to prevent Mr. Chelgren's escape, and that Mr. Chelgren posed a significant threat of death or serious physical injury to the troopers involved in the pursuit or others due to the following:

a. Defendant John Doe and/or troopers from the Pennsylvania State Police attempted to initiate a traffic stop over an alleged minor traffic code violation.

b. Mr. Chelgren did not commit or attempt to commit a forcible felony.

c. Mr. Chelgren was not attempting to escape and possessed a deadly weapon.

d. Defendant John Doe and/or the other troopers involved in the pursuit did not have a reasonable basis to believe that Mr. Chelgren was armed.

e. Harper Mine Road is a sparsely populated two-lane unmarked and unlined road in proximity to the crash that receives very little traffic.

f. The pursuit and crash occurred at approximately 11:38 p.m., at which time the roadways were not congested with other motor vehicles.

g. Defendant John Doe's use of deadly force was not necessary to prevent the arrest from being defeated by resistance or escape.

h. Defendant John Doe did not have probable cause to believe that Matthew Chelgren posed a threat of death or serious bodily injury to Defendant John Doe, the other troopers involved in the pursuit, and/or anyone else.

i. Defendant John Doe did not have probable cause to believe Mr. Chelgren would endanger human life or inflict serious bodily injury unless arrested without delay.

j. Defendant John Doe did not use deadly force in order to protect himself or others from what he reasonably believed to be an imminent danger of death or serious bodily injury.

k. Defendant John Doe and the other troopers involved in the pursuit unreasonably initiated a dangerous pursuit over a minor traffic code violation.

l. Defendant John Doe and the other troopers involved in the pursuit unreasonably continued the dangerous pursuit over a minor traffic code violation.

m. Defendant John Doe unreasonably used deadly force to end the pursuit when other less deadly and more reasonable options were available.

21. Defendant John Doe’s actions violated Mr. Chelgren’s clearly established constitutional rights by using objectively unreasonable and deadly force under the circumstances.

22. Defendant John Doe’s actions also violated the Pennsylvania State Police’s own rules and policies regarding the use of force.

**COUNT I - Civil Rights Violations 42 U.S.C. §1983**
**Unlawful Use of Unreasonable and Excessive Force**

23. Plaintiff incorporates by reference herein the averments contained in Paragraphs 1 through 22 above.

24. At all times pertinent hereto and averred herein, Defendant John Doe was an individual subject to suit under 42 U.S.C. §1983.

25. At all times pertinent hereto and averred herein, Defendant John Doe acted in his individual capacity and under color of law.

26. At all times pertinent hereto and averred herein, Defendant John Doe knew that Mr. Chelgren's right to be secure against unreasonable seizures and/or deprivations of life, liberty, and property without due process were clearly established constitutional rights.

27. Defendant John Doe violated Mr. Chelgren's right to be secure against unreasonable seizures and/or deprivations of life, liberty, and property without due process.

28. At all times pertinent hereto and averred herein, Mr. Chelgren posed no actual or imminent threat of death and/or serious bodily injury to any of the involved police officers, including Defendant, officers from other law enforcement agencies, pedestrians, or other civilian motorists.

29. Defendant John Doe acted unreasonably, unjustifiably, and in violation of Matthew Chelgren's clearly established constitutional rights by executing a PIT maneuver and/or otherwise ramming Matthew Chelgren off the road, causing his death, thereby using excessive, unreasonable, and deadly force.

30. Defendant John Doe made the conscious determination to use excessive, unreasonable, and deadly force to end the pursuit.

31. As a direct and proximate result of Defendant John Doe's unreasonable, unjustifiable, and unconstitutional conduct, Mr. Chelgren was caused to endure great pain and suffering and sustain horrific injuries that ultimately led to his death.

32. As a direct and proximate result of Defendant John Doe's unreasonable,

unjustifiable, and unconstitutional conduct, Plaintiff sustained damages and accordingly, claims all damages recoverable under the law.

33. Defendant John Doe willfully and maliciously exercised deadly force with the sole intention of inflicting serious bodily harm and/or death and otherwise punishing Mr. Chelgren, who posed no danger to Defendant John Doe or others.

34. The actions of Defendant John Doe described above were outrageous, and demonstrated deliberate indifference toward and reckless, wanton disregard for the rights, health, safety, and welfare of Mr. Chelgren, justifying an award of punitive damages.

35. Pursuant to 42 U.S.C. §1988, Plaintiff seeks attorney's fees and the costs of pursuing this action.

**WHEREFORE**, Plaintiff Valerie Peoples, as Administratrix of the Estate of Matthew Chelgren, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant for all compensable damages, plus interest, Plaintiff's costs and attorney's fees, and punitive damages against Defendant for his outrageous conduct and reckless indifference to the rights of Mr. Chelgren, as well as any other relief this Court deems just.

**COUNT II – Civil Rights Violations 42 U.S.C. § 1983**
**State-Created Danger**

36. Plaintiff incorporates by reference herein the averments contained in Paragraphs 1 through 35 above.

37. At all times pertinent hereto and averred herein, Defendant was an individual subject to suit pursuant to 42 U.S.C. § 1983.

38. At all times pertinent hereto and averred herein, Defendant acted under color of state law.

39. At all times pertinent hereto and averred herein, Defendant knew that Matthew

Chelgren's right to be secure against unreasonable seizures and/or deprivations of life, liberty, and property without due process were clearly-established constitutional rights.

40. Defendant violated Matthew Chelgren's right to be secure against unreasonable seizures and/or deprivations of life, liberty, and property without due process.

41. Defendant's actions by performing a PIT maneuver and/or ramming Matthew Chelgren's vehicle off the road into a tree, thereby killing him without justification constituted a foreseeable harm.

42. Defendant's actions by performing a PIT maneuver and/or ramming Matthew Chelgren's vehicle off the road into a tree, thereby killing him without justification shocks the conscience.

43. A relationship between Defendant, acting under color of state law, and Matthew Chelgren, existed such that Mr. Chelgren was a foreseeable victim of the Defendant's acts or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions as opposed to the public in general.

44. Defendant, acting under color of state law, used his authority in a way that created a danger to Matthew Chelgren that rendered him more vulnerable than had Defendant not acted at all.

45. Defendant created the danger by initiating, continuing, and using deadly force to end the pursuit over a minor traffic code violation when less deadly and more reasonable options were available.

46. Defendant was aware of the substantial risk of harm and death to Mr. Chelgren but acted with deliberate indifference and reckless disregard of Mr. Chelgren's safety and rights when less deadly and more reasonable options were available.

**WHEREFORE**, Plaintiff Valerie Peoples, as Administratrix of the Estate of Matthew Chelgren, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant for all compensable damages, plus interest, Plaintiff's costs and attorney's fees, and punitive damages against Defendant for his outrageous conduct and reckless indifference to the rights of Mr. Chelgren, as well as any other relief this Court deems just.

**COUNT III – Assault**

47. Plaintiff incorporates by reference herein the averments contained in Paragraphs 1 through 46 above.

48. Defendant John Doe's actions in executing a PIT maneuver and/or otherwise ramming Mr. Chelgren's motor vehicle off the road constituted an intentional display of force which gave Mr. Chelgren reason to fear or expect immediate bodily injury or harm.

49. The reckless, indifferent, and/or intentional conduct of Defendant John Doe was the only cause or factor, or substantial factors, in causing the injuries and damages sustained by Plaintiff and Mr. Chelgren.

50. As a direct and proximate result of Defendant John Doe's unreasonable, unjustifiable, and unconstitutional conduct, Plaintiff and Mr. Chelgren were caused to suffer the injuries and damages described in this Complaint, including Mr. Chelgren's untimely death.

51. As a direct and proximate result of Defendant John Doe's unreasonable, unjustifiable, and unconstitutional conduct, Plaintiff sustained damages and accordingly, claims all damages recoverable under the law.

**WHEREFORE**, Plaintiff Valerie Peoples, as Administratrix of the Estate of Matthew Chelgren, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant for all compensable damages, plus interest, Plaintiff's costs and attorney's fees, and

punitive damages against Defendant for his outrageous conduct and reckless indifference to the rights of Mr. Chelgren, as well as any other relief this Court deems just.

**COUNT IV – Battery**

52. Plaintiff incorporates by reference herein the averments contained in Paragraphs 1 through 51 above.

53. Defendant John Doe intentionally executed a PIT maneuver and/or rammed Mr. Chelgren's motor vehicle off the road, which constituted physical contact intended to harm another.

54. The reckless, indifferent, and/or intentional conduct of Defendant John Doe was the only cause or factor, or substantial factors, in causing the injuries and damages sustained by Plaintiff and Mr. Chelgren.

55. As a direct and proximate result of Defendant John Doe's unreasonable, unjustifiable, and unconstitutional conduct, Plaintiff and Mr. Chelgren were caused to suffer the injuries and damages described in this Complaint, including Mr. Chelgren's untimely death.

56. As a direct and proximate result of Defendant John Doe's unreasonable, unjustifiable, and unconstitutional conduct, Plaintiff sustained damages and accordingly, claims all damages recoverable under the law.

**WHEREFORE**, Plaintiff Valerie Peoples, as Administratrix of the Estate of Matthew Chelgren, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant for all compensable damages, plus interest, Plaintiff's costs and attorney's fees, and punitive damages against Defendant for his outrageous conduct and reckless indifference to the rights of Mr. Chelgren, as well as any other relief this Court deems just.

**COUNT V – Wrongful Death**

57. Plaintiff incorporates by reference herein the averments contained in Paragraphs 1 through 56 above.

58. This wrongful death action is brought on behalf of all persons entitled to recover damages pursuant to the Pennsylvania Wrongful Death statute, 42 Pa. C.S.A. § 8301.

59. No action was brought by Mr. Chelgren in his lifetime by his next of kin to recover damages for the injuries that eventually caused his death or for any damages claimed herein.

60. The name and relationship to Mr. Chelgren of all persons entitled by law to recover damages for such death is his son, JB, a minor.

61. Plaintiff brings this action under and by virtue of the Wrongful Death Act, 42 Pa.C.S.A. §8301.

62. The reckless, indifferent, and/or intentional conduct of Defendant John Doe, as more fully described in the preceding Count above, was the legal cause of the destruction of contributions to the society and comfort that Matthew Chelgren would have provided to the above-named individual.

63. Plaintiff claims damages under the Wrongful Death Act as follows:

   a. Funeral and burial expenses;

   b. Loss of Mr. Chelgren's contributions and services;

   c. Loss of companionship, comfort, society, guidance, solace, and assistance;

   d. The expenses of the administration of the Estate of Matthew Chelgren; and

   e. Such other losses and damages as recoverable by law or statute.

**WHEREFORE**, Plaintiff Valerie Peoples, as Administratrix of the Estate of Matthew Chelgren, respectfully requests that this Honorable Court enter Judgment in her favor and against

Defendant for all compensable damages, plus interest, Plaintiff's costs, and attorney's fees, and punitive damages against Defendant for his outrageous conduct and reckless indifference to the rights of Mr. Chelgren, as well as any other relief this Court deems just.

**COUNT VI – Survival Action**

64. Plaintiff incorporates by reference herein the averments contained in Paragraphs 1 through 63 above.

65. This survival action is brought on behalf of all persons and/or entities entitled to recover damages pursuant to the Survival Act, 42 Pa. C.S.A. § 8302.

66. No action was brought by Mr. Chelgren in his lifetime by his next of kin to recover damages for the injuries that eventually caused his death or for any damages claimed herein.

67. The name and relationship to Mr. Chelgren of all persons entitled by law to the Estate of Matthew Chelgren is his son, JB, a minor.

68. Plaintiff brings this action under and by virtue of the Survival Act, 42 Pa.C.S.A. §8302.

69. The reckless, indifferent, and/or intentional conduct of Defendant John Doe was the only cause or factor, or substantial factors, in causing the injuries and damages sustained by Plaintiff and Mr. Chelgren.

70. As a direct and proximate result of Defendant John Doe's unreasonable, unjustifiable, and unconstitutional conduct, Plaintiff and Mr. Chelgren were caused to suffer the injuries and damages described in this Complaint, including Mr. Chelgren's untimely death.

71. Plaintiff claims all damages available under the Survival Act.

**WHEREFORE**, Plaintiff Valerie Peoples, as Administratrix of the Estate of Matthew

Chelgren, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant for all compensable damages, plus interest, Plaintiff's costs and attorney's fees, and punitive damages against Defendant for his outrageous conduct and reckless indifference to the rights of Mr. Chelgren, as well as any other relief this Court deems just.

Respectfully submitted,

/s/ Anthony E. Patterson

Anthony E. Patterson, Esquire

PA ID No. 72881

The Mitchell Building
304 Ross Street, Suite 505
Pittsburgh, PA 15219

T: (412) 281-2704
F: (412) 586-5274
Aeplawfirm@aol.com
*Counsel for Plaintiff*